**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Thomas Kelly** | : | |
| 139 Manor Drive | : | |
| Richboro, Pennsylvania 18954 | : | |
| Plaintiff | : | **CIVIL ACTION** |
| | : | **NO.:** |
| vs. | : | |
| | : | |
| **PGW Auto Glass LLC** | : | |
| 71 Ash Circle | : | **PLAINTIFF REQUESTS A TRIAL** |
| Warminster, PA | : | **BY JURY** |
| | : | |
| Defendant | : | |
| | : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Thomas Kelly. Plaintiff was an employee of Defendant, PGW AUTO GLASS, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA") and Pennsylvania Common Law.

1

## II.　JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and specific jurisdiction over this matter as the events giving rise to the claim occurred in the Eastern District.

## III.　PARTIES

5. The Plaintiff herein is Thomas Kelly, former employee of the Defendant.

6. The Defendant herein is PGW AUTO GLASS. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and FMLA.

## IV.　UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for approximately one year.

9. Plaintiff's duties included making deliveries, loading/unloading his vehicle, and picking up returns.

10. At all relevant times, Plaintiff performed his job well.

11. On or about March 21, 2019, during the course and scope of his employment, Plaintiff injured his right forearm while lifting an auto windshield out of a box.

12. Plaintiff immediately informed his supervisor of the injury.

13. Plaintiff believed it was just a pulled muscle, and at the time did not seek immediate medical attention.

14. On March 25, 2019, Plaintiff continued to experience severe pain in his right arm.

15. It became apparent the injury he sustained at work on or about March 21, 2019 was much more serious than originally thought.

16. Therefore, notified his supervisor of the injury.

17. Plaintiff then sought treatment with the Respondent's panel doctor, including WORKNET occupational medicine.

18. Plaintiff was placed on light duty work restrictions by his doctor until April 8, 2019.

19. On or about April 10, 2019, Plaintiff was terminated.

20. Defendant never engaged in an interactive process to try to accommodate the Plaintiff.

21. Defendant could have reasonably accommodated the Plaintiff, but did not even bother trying.

22. Instead, Defendant just terminated him.

23. The reason for Plaintiff's termination was his disability/perceived disability, request for reasonable accommodation and pursuit of workers compensation benefits.

## COUNT II

## DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT

24. Paragraphs 1-23 are incorporated herein as if set forth at length.

25. Plaintiff qualified as disabled under ADA because his right arm injury interfered with multiple major life activities, including lifting.

26. Plaintiff requested a reasonable accommodation of a period of light duty.

27. While light duty accommodation was originally granted, Plaintiff was terminated shortly thereafter.

28. Not only could Defendant had accommodated Plaintiff's light duty, but they also could have accommodated him with a longer leave of absence until he could come back on full duty.

29. Defendant never engaged in the interactive process, and never made any attempt to accommodate the Plaintiff.

30. Instead, Plaintiff was terminated.

31. Plaintiff's termination violated the ADA in two ways.

32. First, Plaintiff was terminated because of his disability/perceived disability, in violation of the ADA.

33. Second, Plaintiff was terminated for requesting a reasonable accommodation, in violation of the ADA.

34. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

## COUNT III

### Pennsylvania Common Law Wrongful Termination

35. Plaintiff incorporates paragraphs 1 through 34 as if set forth at length herein.

36. Plaintiff was injured at work.

37. Plaintiff was entitled to workers compensation benefits.

38. Plaintiff went to Defendant's panel doctor, including WORKNET.

39. Plaintiff was put on light duty while receiving treatment under workers compensation.

40. Plaintiff pursued workers compensation benefits to pay for his medical care while he was on light duty.

41. In response, Defendant retaliated against the Plaintiff and terminated him.

42. It is against Pennsylvania public policy to terminate the Plaintiff for pursuing workers compensation benefits.

43. Plaintiff's termination was against public policy and amounted to a wrongful termination under Pennsylvania common law.


## PRAYER FOR RELIEF

44. Plaintiff incorporates paragraphs 1 through 43 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.